```
UNITED STATES DISTRICT COURT                          C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
JEREMIAH G. FLYNN,                          :
                                            :
                    Plaintiff,              :    MEMORANDUM DECISION AND
                                            :    ORDER
            - against -                     :
                                            :    16 Civ. 2243 (BMC) (LB)
ROBYN COHISON; CATHOLIC CHARITIES;          :
and MISS PEGIS,                             :
                                            :
                    Defendants.             :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Jeremiah G. Flynn, a tenant at a property owned and/or managed by Catholic Charities, brings this *pro se* action against defendants and alleges that they denied his request for an apartment located on a lower-floor as a reasonable accommodation for his cardiac condition. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed. See 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted 20 days leave to submit an amended complaint.

## BACKGROUND

The following facts are drawn from plaintiff's complaint and are taken as true for the purposes of this Order. Plaintiff resides in an apartment located at 800 Madison Street, in Brooklyn, New York, which is under the auspices of Catholic Charities. He alleges that he has repeatedly requested that defendants allow him to move to an apartment on a lower-floor. Plaintiff alleges that he suffers from two cardiac conditions and that the elevators in the building are frequently out of service. Plaintiff seeks monetary damages and injunctive relief in the form of an apartment on a lower-floor.

## DISCUSSION

### A. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Iqbal, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. In addition, a *pro se* complaint is liberally construed, see Ahlers v. Rabinowitz, 684 F.3d 53 (2d Cir. 2012), and interpreted to raise the strongest arguments that it suggests, see Graham v. Henderson, 89 F.3d 75 (2d Cir. 1996).

Under 28 U.S.C. § 1915(e)(2)(B), a Court is required to dismiss a complaint, filed *in forma pauperis*, if the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law ... or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). However, a Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. See Cuoco v. Moritsugu, 222 F.3d 99 (2d Cir. 2000).

Moreover, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. Iqbal, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal citations and alterations omitted). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Simmons v. Abruzzo, 49 F.3d 83 (2d Cir. 1995). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

## B. Reasonable Accommodation Under the FHA, the ADA and the Rehabilitation Act

Although plaintiff fails to identify a basis for this Court's jurisdiction, the Court will liberally construe his complaint as asserting a possible cause of action under the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.[1] The FHA, as amended by the Fair Housing Amendments Act in 1988, makes it illegal to discriminate in housing practices on the basis of a handicap "in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling." 42 U.S.C. § 3604(f)(2)(A); Williams v. N.Y.C. Hous. Auth., 879 F. Supp. 2d 328 (E.D.N.Y. 2012). The ADA is a comprehensive statute that "forbids discrimination against

---

[1] The Court notes that to the extent that Catholic Charities is a private landlord, the ADA is not applicable, even if the premises are used for publicly subsidized housing. See Reid v. Zackenbaum, No. 05 CV 1569, 2005 WL 1993394, at *4 (E.D.N.Y. Aug. 17, 2005) ("A residential facility, such as an apartment, is not a public accommodation under the ADA."). In addition, the Rehabilitation Act only applies to federally-funded programs. See Bryant v. N.Y. Educ. Dep't, 692 F.3d 202, 216 (2d Cir. 2012).

3

persons with disabilities in . . . public accommodations, which are covered by Title III." See Tennessee v. Lane, 541 U.S. 509, 516–17 (2004). Section 504 of the Rehabilitation Act, in turn, "prohibits programs and activities receiving federal financial assistance from excluding, denying benefits to, or discriminating against otherwise qualified individuals with a disability." Disabled in Action v. Bd. of Election in City of N.Y., 752 F.3d 189, 196 (2d Cir. 2014).

Claims of housing discrimination are evaluated under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Mancuso v. Douglas Elliman LLC, 808 F. Supp. 2d 606 (S.D.N.Y. 2011). Under this framework, plaintiffs must first establish a prima facie case of discrimination, and then the burden shifts to the defendant to assert a legitimate, nondiscriminatory rationale for the challenged decision. Mitchell v. Shane, 350 F.3d 39 (2d Cir. 2003). "If the defendant makes such a showing, the burden shifts back to the plaintiff to demonstrate that discrimination was the real reason for the defendant's action." Id.

A tenant's request to move from an upper-floor apartment to a lower-floor apartment may be a cognizable request for a reasonable accommodation under the FHA, the ADA, and the Rehabilitation Act. See Logan v. Matveevskii, 57 F. Supp. 3d 234, 256 (S.D.N.Y. 2014). In order to make out a claim of discrimination based on a failure to accommodate, a plaintiff must allege that: (1) he suffers from a handicap as defined by the FHA, or a disability as defined by the ADA and the Rehabilitation Act; (2) the defendant knew or reasonably should have known of the plaintiff's handicap or disability; (3) accommodation of the handicap or disability may be necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." See id. at 256. Here, plaintiff fails to allege sufficient facts from which the Court can infer that he is a victim of disability discrimination and that the defendants failed to reasonably accommodate his requests to be moved to a lower floor.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). However, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is granted 20 days leave to file an amended complaint. Should plaintiff elect to file an amended complaint he must allege sufficient facts to show that he is disabled as defined under the FHA.[2] Moreover, plaintiff must state the approximate date that he first contacted his landlord to request that he be allowed to move to a lower floor. He should provide the approximate date that the landlord responded to his request, and the decision of the landlord. If available, plaintiff should annex copies of all correspondence that he sent to and received from the landlord.

The amended complaint must be captioned as a "Amended Complaint" and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 20 days. If plaintiff fails to amend his complaint within 20 days as directed by this Order, judgment dismissing this action without prejudice shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

---

[2] To demonstrate a disability under the FHA, a plaintiff must show: (1) "a physical or mental impairment which substantially limits one or more . . . major life activities"; (2) "a record of having such an impairment"; or (3) that he or she is "regarded as having such an impairment." 42 U.S.C. § 3602(h); Rodriguez v. Village Green Realty, Inc., 788 F.3d 31, 40 (2d Cir. 2015).

would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
      May 18, 2016